IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0182-07






FERNANDO LANCON, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTH COURT OF APPEALS


WEBB COUNTY





 Johnson, J., filed a dissenting opinion in which Price and Holcomb, JJ., joined.


D I S S E N T I N G O P I N I O N



 The court of appeals, after thoroughly reviewing all of the evidence in a neutral light,
concluded that the jury's determination of guilt was "against the great weight and preponderance of
the evidence," and therefore reversed the trial court's judgment and remanded the cause for a new
trial. Lancon v. State, 220 S.W.3d 57 (Tex. App.-San Antonio 2006). Because I believe that the
court of appeals correctly stated and properly applied the standard of review, I dissent.

 "The factual-conclusivity clause in Article V, § 6, of the Texas Constitution, makes a direct-appeal court's factual-sufficiency decision final and conclusive upon this Court. Watson, at 439.[ (1)]
This Court's review of a direct-appeal court's factual-sufficiency decision is limited by the factual-conclusivity clause to determining only whether the direct-appeal court properly applied 'rules of
law.'" Roberts v. State, 221 S.W.3d 659, 662-63 (Tex. Crim. App. 2007). Our disagreement with
the court of appeals' factual-sufficiency decision is simply not a basis for reversing that decision. 

 Although review of factual sufficiency has been, and continues to be, subject to much
dispute, in Watson a majority of this Court reiterated that, in order for an appellate court to reverse
for factually insufficiency, it must be able to say, with some objective basis in the record, that the
great weight and preponderance of the evidence contradicts the jury's guilty verdict. In this case,
that is precisely what the court of appeals did. In its section entitled "Evidence Contrary to the
Verdict," it detailed a great deal of evidence, which adequately provides that objective basis for
overturning the jury's verdict. Lancon, 220 S.W.3d at 63-66. (2) 

 The majority opinion asserts that, because the court of appeals determined that the testimony
of two of the state's witnesses was objectively unreliable, it had "concluded that it was not
unreasonable to distrust their eyewitness testimony given the circumstances surrounding the
shooting." Lancon v. State, No. PD-0182-07 (Tex. Crim. App. delivered ___________, 2008, slip
op. at 12). The court of appeals's opinion did not articulate any particular "distrust" of those
witnesses, but rather determined, after reviewing all of the evidence in the requisite neutral light, that
the jury's implicit finding in its guilty verdicts that appellant, rather than his brother Eduardo, was
the shooter, was greatly outweighed by the contrary evidence. It therefore concluded that the
evidence of appellant's guilt was factually insufficient. Lancon, 220 S.W.3d at 66-67. It reached this
conclusion after viewing the state's eyewitness testimony, complete with weaknesses,
inconsistencies, and equivocations, which it detailed in its opinion, in light of the consistent, detailed
testimony from the defense witnesses, which it also detailed in its opinion. Id. at 68. It concluded
"that reversing the judgment against [appellant] and ordering a new trial is 'necessary to arrest the
occurrence of a manifest injustice.'" Id., quoting Johnson v. State, 23 S.W.3d 1, 9 (Tex. Crim. App.
2000).

 As the majority opinion concedes, "the court of appeals accurately stated the standard of
review and addressed all of the evidence" and "included a detailed description of the undisputed
facts, as well as the evidence supporting and contrary to the conviction." Lancon v. State, No. PD-0182-07, slip op. at 11). The majority also notes that "[a]ppellate courts should afford almost
complete deference to a jury's decision when that decision is based upon an evaluation of
credibility." (3) Id. But "almost complete" is not "complete" or "total," even when the jury's decision
is based upon a credibility evaluation. The majority opinion seems to say that, from now on, the
level of deference due a jury's decision will be total deference when the decision is based on an
evaluation of credibility. This eviscerates our case law for reviewing the factual sufficiency of
evidence and effectively precludes any sufficiency review when the jury's decision is based upon an
evaluation of credibility, which virtually each and every jury verdict is to some extent. "The legal
and factual sufficiency standards both require the reviewing court to consider all of the evidence. 
. . . The difference between the two standards is that the former requires the reviewing court to defer
to the jury's credibility and weight determinations while the latter permits the reviewing court to
substitute its judgment for the jury's on these questions 'albeit to a very limited degree.'" Marshall
v. State, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006)(quoting Watson at 417)(emphasis in original).

 The analysis by the court of appeals is very much in line with our prior factual-sufficiency
case law, and we should respect its decision, especially in light of the fact that its factual-sufficiency
decision is final and conclusive upon this Court pursuant our constitution's factual-conclusivity
clause. Because the court of appeals properly applied our rules of law and because this Court has
no jurisdiction to re-evaluate factual sufficiency, I respectfully dissent.

 

Filed: May 14, 2008

Publish
1. Watson v. State, 204 S.W.3d 404 (Tex. Crim. App. 2006). See also Marshall v. State, 210 S.W.3d 618,
625 (Tex. Crim. App. 2006).
2. "These weaknesses and inconsistencies in Dominguez's and Diaz's testimony certainly detract from its
reliability. But, standing alone, these factors would not convince us that the evidence is factually insufficient to
support the jury's implicit finding that Fernando, rather than [his brother] Eduardo, was the shooter. . . . But what
does convince us that the evidence is factually insufficient to support the jury's verdict is viewing the eyewitnesses'
testimony-complete with the weaknesses, inconsistencies, and equivocations outlined above-in light of the
consistent, detailed testimony set forth above from the defense witnesses, including two of the three participants who
admitted their complicity in the shooting . . . and identified Eduardo Lancon as the shooter, and the aunts of both
Eduardo and Fernando . . ., each of whom testified that she heard Eduardo admit to having been the shooter moments
after the shooting took place. Both factors, taken together, convince us that reversing the judgment against Fernando
Lancon and ordering a new trial is 'necessary to arrest the occurrence of a manifest injustice.'(Cite omitted.)" Other
testimony indicated that the shooter, like Eduardo, was right-handed, while Fernando is left-handed.
3. The majority opinion asserts that "it is equally plausible that [two of the state's witnesses] were telling the
truth as it is that they were lying when they testified[,]" and that "it is for the jury to determine if they [sic] believe
that [those two witnesses] are lying or telling the truth." Id., slip op. at 14.